UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JEROME GRIGGS BEERY, No. 7-94-10504 MA

    Debtor.
_____

JEROME GRIGGS BEERY,

    Plaintiff,

v.                                              Adversary No. 06-1154 M

YVETTE GONZALES, CLIFFORD
GRAMER, CRESCENTIA K. MORRIS, for
the ESTATE OF WILLIAM MORRIS,
PORTER DEES, and NANCY MROZ,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS CERTAIN CLAIMS AND FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Yvette J. Gonzales' Motion to Dismiss Certain Claims and for Partial Summary Judgment ("Motion"). Defendant Yvette J. Gonzales, Chapter 7 Trustee ("Trustee") in the Jerome Griggs Beery bankruptcy proceeding no. 7-94-10504 MA, by and through her attorneys, Jacobvitz, Thuma & Walker (Robert H. Jacobvitz) also filed a memorandum brief in support of the Motion. Defendant Nancy Mroz and Defendant Porter Dees joined in the Motion. (*See* Docket # 31 and Docket #34). The Motion seeks dismissal of, or, alternatively partial summary judgment on, certain claims raised in Count I, IV, VI and VII of the Complaint Asking for Removal of the Trustee and Attorney for the Trustee ("Complaint"). In response to the Motion, Plaintiff Jerome Beery, *pro se,* filed an Objection to Trustee's Motion to Dismiss Certain Claims and for Partial Summary Judgment ("Objection"), to which the Trustee filed a response (Docket # 26). The Objection complains that the Motion was filed by an

attorney who has not yet been approved by the Court to serve as counsel for the Trustee. After careful review of the Complaint, the Motion, the memorandum, and the Objection, and being otherwise sufficiently informed, the Court concludes that the Motion should be granted, and in connection therewith finds as follows.

As a preliminary matter, the Court finds that the Objection does not assert that genuine issues of material fact preclude summary judgment, and is, therefore, insufficient to rebut summary judgment, assuming that the undisputed facts otherwise entitle the movant to judgment as a matter of law. *See* Rule 56(c) and (e), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P.[1] The allegation in the Objection that the Motion was filed by an attorney who has not yet been approved to serve as counsel for the Trustee likewise fails to defeat the Motion. An Order granting the Trustee's Application to Employ Jacobvitz, Thuma & Walker , PC as special counsel for the Trustee in this adversary proceeding was entered on November 8, 2006 in bankruptcy proceeding No. 7-94-10504 MA. (Case No. 7-94-10504 MA; Docket # 147). The Order approved the employment of Jacobvitz, Thuma & Walker, P.C. as counsel for the Trustee in this adversary proceeding as of August 10, 2006, a date prior to the date of the first pleading filed by the Trustee in this adversary proceeding.

---

[1]Rule 56, Fed.R.Civ.P. provides, in relevant part:
> The judgment sought shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
>
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.
>
> Rule 56(c) and (e), Fed.R.Civ.P.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. Dismissal for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P., is appropriate only when the movant has demonstrated that the Plaintiff can prove no set of facts that would entitle him to recovery. *See In re American Freight System, Inc.*, 179 B.R. 952, 956 (Bankr.D.Kan.1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (remaining citations omitted)). While summary judgment tests whether the undisputed facts are sufficient as a matter of law, the function of a motion to dismiss for failure to state a claim is to test the law of the claim, not the facts which support it. *See In re Bunker Exploration Co.*, 42 B.R. 297, 299 (Bankr.W.D.Okla.1984) (explaining function of 12(b)(6) motion) (citation omitted).

The Trustee filed certain affidavits in support of the Motion, and further supports her Motion based on matters outside the Complaint. Therefore, the Court will treat the Motion as a request for summary judgment rather than a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . "). Whether considering a motion for summary judgment or a motion to dismiss for failure to state a claim, the Court must construe the facts in the light most favorable to the non-moving party. *See Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996) (the Court construes the evidence in the light most favorable to the party opposing summary judgment); *In*

*re Sheffield Steel Corp.*, 320 B.R. 405, 411 (Bankr.N.D.Okla.2004) (citing *Ballen v. Prudential Bache Securities, Inc.*, 23 F.3d 335, 336 (10th Cir.1994) (noting that when considering a motion to dismiss, the court must accept all well-pleaded facts in the complaint as if they were true, and construe the facts in the light most favorable to the plaintiff).

The Trustee requests summary judgment on Counts I, IV, VI and VII of the Complaint. The Court will address each Count separately. In Count I of the Complaint, Plaintiff alleges that the Trustee and Defendant Crescentia Morris, as representative of the estate of William Morris ("Morris") have failed to prosecute the bankruptcy case in a timely manner, that such failure constitutes an abuse of the judicial process, that the Trustee and Morris be removed from the case, and that financial sanctions should be imposed upon the Trustee and Morris. The Trustee seeks summary judgment on the issue of whether financial sanctions may be imposed on the Trustee and whether Count I states a cause of action for abuse of process.[2]

Because Count I asserts that the Trustee has failed to timely prosecute the case and that such failure constitutes an abuse of the judicial process, Count I appears to attempt to raise grounds for the Trustee's removal, rather than to attempt to state a cause of action for abuse of process. Removal of a chapter 7 trustee is governed by 11 U.S.C. § 324, and is not prosecuted by adversary proceeding. *See* 3 Collier on Bankruptcy ¶ 324.03 (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2006) ("Removal [of a trustee] is not an adversary proceeding and is brought by motion as a contested matter."). Nevertheless, to the extent Count I seeks to assert a cause of action for "abuse of judicial process" the Complaint fails to allege all required elements.

---

[2] The Trustee also seeks summary judgment on Count I with regard to the allegations against Morris. Because Morris filed her own Motion to Dismiss or for Summary Judgment, which the Court granted by separate memorandum and judgment, the Court need not consider this portion of the Trustee's Motion. (*See* Motion to Dismiss or for Summary Judgment filed by Crescentia K. Morris, Personal Representative).

As recited by the Trustee in her Motion, the elements for a claim of abuse of judicial process, denominated malicious abuse of process under applicable law,[3] are as follows:

> (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages. In short, there must be both a misuse of the power of the judiciary by a litigant and a malicious motive.
>
> *DeVaney v. Thriftway Marketing Corp.,* 124 N.M. 512, 518, 953 P.2d 277, 283 (1977).

Count I fails to allege that the Trustee initiated judicial proceedings against the Plaintiff in a manner that would not be proper in the regular prosecution of any claims the Trustee had against the Plaintiff. More importantly Count I wholly fails to identify any illegitimate end in any matter the Trustee may have brought against the Plaintiff. Thus, to the extent Count I is intended to assert a claim based on malicious abuse of process, Count I fails to state such a claim. Dismissal under Rule 12(b)(6), Fed.R.Civ.P., is, therefore, appropriate.

Bankruptcy trustees acting within the scope of their appointed duties are not personally liable for damages. *See In Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir. 1989)(noting that a bankruptcy trustee is "entitled to broad immunity from suit when acting within the scope of [his] authority and pursuant to court order."); *In re Solar Fin. Services, Inc.,* 255 B.R. 801, 803 (Bankr.S.D.Fla. 2000) ("As a general rule, bankruptcy trustees are entitled to qualified judicial

---

[3] State law governing abuse of process is the applicable law. *See Advantor Capital Corp. v. Yeary,* 136 F.3d 1259, 1264 (10th Cir. 1998) (applying Oklahoma law to claim for abuse of judicial process brought in federal district court); *In re Rothenberg,* 173 B.R. 4,11 (Bankr.D.Dist.Col. 1994)(applying District of Columbia statute of limitations period to abuse of process action) . In *DeVaney v. Thriftway Marketing Corp.,* 124 N.M. 512, 518, 953 P.2d 277, 283 (1977) the New Mexico Supreme Court determined that the torts of abuse of process and malicious prosecution "should be restated as a single cause of action, which shall be known as 'malicious abuse of process.'"

immunity for acts taken within their authority as an officer of the court.")(citation omitted).  In order to obtain damages against a bankruptcy trustee personally, a plaintiff must prove that the trustee acted willfully and deliberately in violation of the trustee's fiduciary duties. *Sherr v. Winkler,* 552 F.2d 1367, 1375 (10th Cir. 1977) (finding that a bankruptcy trustee is "liable personally only for acts determined to be willful and deliberate in violation of his duties and . . . liable, in his official capacity, for acts of negligence.").   Count I fails to allege that the Trustee acted willfully and deliberately in violation of her fiduciary duties.  Accordingly, dismissal under Rule 12(b)(6), Fed.R.Civ.P. as to any claim in Count I which seeks a judgment for personal liability against the Trustee is appropriate.

Count IV of the Complaint alleges that the claim of William Morris filed in Plaintiff's bankruptcy proceeding was fraudulent inasmuch as Plaintiff was not indebted to William Morris, asserts that the claim is not valid, and requests that the claim be denied.   Because the Court has already considered and granted Morris' motion for summary judgment as to Count IV of the Complaint, the Court need not address it here.

Count VI of the Complaint alleges that Defendant Nancy Mroz is attempting to list and sell property without permission of the current owner of the property, and requests that financial sanctions be imposed upon Defendant Nancy Mroz.  Similarly, Count VII of the Complaint alleges that Defendant Porter Dees is attempting to list and sell property without permission of the current owner of the property, and requests that financial sanctions be imposed upon Defendant Porter Dees.   Both Nancy Mroz and Porter Dees were authorized by the Court to be employed by the Trustee for the purpose of listing and selling property the Court determined was property of Plaintiff's bankruptcy estate.  (*See* Order Approving Employment of Broker [Nancy Mroz] (Los Alamos Property) - Docket # 107 and Order Approving Employment of Broker

[Porter Dees] (Placitas Property) - Docket # 108 in Case No. 7-94-10504 MA*).*   Permission from the current owner of the property is not required to sell property of the bankruptcy estate. *Cf.*  11 U.S.C. § 363(h) (regarding sale of  both the estate's interest and the interest of any co-owner in property).

Quasi-judicial immunity, which immunizes a party from suit, extends to non-judicial officers who perform official duties that are functionally similar to those performed by judges in that they "involve the exercise of discretion in resolving disputes." *In re Castillo,* 297 F.3d 940, 948 (9th Cir. 2002) (citing *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993)). *See also, Balser v. Department of Justice, Office of the United States Trustee,* 327 F.3d 903, 909 (9th Cir. 2003) (noting that quasi-judicial immunity has been extended to bankruptcy trustees "for 'actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment.'")(quoting *Castillo),* 297 F.3d at 947).

Here, Nancy Mroz and Porter Dees were authorized by Court order to be employed by the Trustee for the purpose of listing and selling property of the bankruptcy estate.  In assisting the Trustee with listing and selling property of the bankruptcy estate, Defendants Mroz and Dees will exercise discretion in locating and finding a potential buyer for the property and will perform an essential function of the bankruptcy court.  *See Gregory v. United States,* 942 F.2d 1498, 1500 n.1 (10th Cir. 1991)(noting that "absolute quasijudicial immunity for a lawyer serving as trustee and merely executing the bankruptcy judge's orders concerning the collection and disposition of estate property is essential for the efficient functioning of the bankruptcy court."); *Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir. 1986)(holding that "a trustee in bankruptcy ... is entitled to derived judicial immunity because he is performing an integral part of the judicial process").  Because Nancy Mroz and Porter Dees were appointed by Court order, and

because Counts VI and VII do not allege that Nancy Mroz or Porter Dees acted outside their court-appointed task, it is appropriate to conclude as a matter of law that these Defendants are immune from suit under the doctrine of quasi-judicial immunity. *Cf. Bradford Audio Corp. v. Pious,* 392 F.2d 67, 72 (2nd Cir. 1968)(holding that court-appointed receiver who did no more and no less than to carry out an order of the court was immune from liability); *Matter of Sargeant Farms, Inc.,* 224 B.R. 842, 848 (Bankr.M.D.Fla. 1998) (adopting position of the District of Columbia Circuit Court that quasi-judicial immunity extends to mediators appointed in bankruptcy proceedings). *See also, In re Ebel,* 338 B.R. 862, 876 (Bankr.D.Colo. 2005) (noting that "[i]t is well settled that a trustee who acts pursuant to court orders, after full disclosure to the court, is cloaked in the mantle of derived judicial immunity.")(citations omitted). The Court will, therefore, grant summary judgment as to Counts VI and VII in favor of defendants.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is Granted. A judgment consistent with this Order will be entered.

                      MARK B. McFEELEY
                      United States Bankruptcy Judge

COPY TO:

| | | |
|---|---|---|
| Jerome G. Beery | Walter L. Reardon, Jr. | Nancy Mroz |
| Plaintiff | Attorney for Crescentia Morris | 108 Central Park Square |
| PO Box 4712 | 3733 Eubank Blvd. NE | Los Alamos, NM 87544 |
| Los Alamos, NM 87544 | Albuquerque, NM 87111 | |
| | | |
| Clifford Gramer | Robert H. Jacobvitz | Porter Dees |
| Defendant | Attorney for Yvette Gonzales | 623 Hwy 165 |
| 3733 Eubank Blvd. NE | 500 Marquette NW, Suite 650 | Placitas, NM 87043 |
| Albuquerque, NM 87111 | Albuquerque, NM 87102 | |