# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JEROME GRIGGS BEERY,            No. 7-94-10504 MA

    Debtor.

_____

JEROME GRIGGS BEERY,

    Plaintiff,

v.            Adversary No. 06-1154 M

YVETTE GONZALES, CLIFFORD
GRAMER, CRESCENTIA K. MORRIS, for
the ESTATE OF WILLIAM MORRIS,
PORTER DEES, and NANCY MROZ,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FILED BY CRESCENTIA K. MORRIS, PERSONAL REPRESENTATIVE

THIS MATTER is before the Court on the Motion to Dismiss or for Summary Judgment Filed by Crescentia K. Morris, Personal Representative ("Motion"). The Motion seeks to dismiss, or, alternatively, summary judgment on Counts I and IV of the Complaint Asking for Removal of the Trustee and Attorney for Trustee ("Complaint"). Plaintiff Jerome Griggs Beery, *pro se,* has not filed a response to the Motion. After review of the Complaint in light of the Motion, the Court finds that it is appropriate to grant the Motion.

    Count I of the Complaint states:

    I allege that the defendants Gonzales and Morris have failed to prosecute this bankruptcy
    case in a timely manner. Their failure constitutes an abuse of the judicial process and I
    ask the court to remove them from the case and impose appropriate financial sanctions.

Defendant Crescentia K. Morris asserts that Count I fails to state a claim upon which relief can

1

be granted. Dismissal for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P., is appropriate only when the movant has demonstrated that the Plaintiff can prove no set of facts that would entitle him to recovery. *See In re American Freight System, Inc.*, 179 B.R. 952, 956 (Bankr.D.Kan.1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (remaining citations omitted)). When considering a motion to dismiss, the Court must accept all well-pleaded facts in the complaint as if they were true, and construe the facts in the light most favorable to the plaintiff. *In re Sheffield Steel Corp.*, 320 B.R. 405, 411 (Bankr.N.D.Okla.2004) (citing *Ballen v. Prudential Bache Securities, Inc*., 23 F.3d 335, 336 (10th Cir.1994).

Crescentia Morris, as representative and/or assignee of the Estate of William Morris, is a creditor of the Plaintiff's bankruptcy estate. *See* Creditor List in Jerome Griggs Beery Case No. 7-94-10504 MA; Proof of Claim No. 5 filed by Crescentia K. Morris, Assignee of the Estate of William W. Morris in Case No. 7-94-10504. There is no duty imposed by the Bankruptcy Code upon creditors to prosecute bankruptcy proceedings. Dismissal of Count I for failure to state a claim upon which relief may be granted is, therefore, appropriate.

Count IV of the Complaint states:

The claim submitted by William Morris in this bankruptcy was fraudulent in that the plaintiff was not in debt to William Morris and therefore was no valid claim by Morris against the estate. I ask that the court deny the Morris claim in the bankruptcy.

Morris asserts that an adversary proceeding is not the proper means for adjudicating a claim. Claims objections are considered contested matters under Rule 9014, Fed.R.Bankr.P. *See In re Miramar Resources, Inc.,* 176 B.R. 45, 49 (Bankr.D.Colo. 1994) (noting that "[a] simple objection to a claim is a contested matter"). However, if an objection to claim is joined

2

with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding. Rule 3007, Fed.R.Civ.P. The assertion in Count IV the claim of William Morris was fraudulent, and, therefore, not valid, does not raise one of the enumerated types of adversary proceedings contained in Rule 7001, Fed.R.Bankr.P. Rule 7001(2), Fed.R.Bankr.P. provides that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" constitutes an adversary proceeding. Count I appears only to contest the validity of the claim itself, i.e., the amount of any claim, rather than the validity of any lien or any interest Morris might assert against property of the bankruptcy estate. Therefore, technically, the objection to the claim of Morris is not properly before the Court in the form of an adversary proceeding. Nevertheless, the Court will not dismiss Count I based on this technical infirmity.

Morris also asserts that the validity of the claim of William Morris was already determined as part of adversary proceeding No. 97-1059 M. When matters outside the Complaint and answer are offered by the movant and considered by the Court, it is appropriate to treat a request for dismissal as a request for summary judgment. *See* Rule 12(b), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P.

In Adversary Proceeding No. 97-1059, Yvette Gonazles, the Chapter 7 Trustee of requested a determination of the validity, extent, and priority of liens against certain real property. *See* Docket # 1; Adversary Proceeding No. 97-1059M. On July 14, 2003, the Court entered Findings of Fact and Conclusions of Law in Adversary Proceeding No. 97-1059 M

3

which found, *inter alia*, that William Morris obtained all right, title, and interest, in and to a judgment in the amount of $59,037.22 obtained by Ronald R. Peterson, Trustee against Jerome Beery in a case before the United States Bankruptcy Court for the Northern District of Illinois, that the judgment was recorded in the real property records of Los Alamos County, New Mexico and Sandoval County, New Mexico, that Crescentia Morris, as personal representative of the estate of William Morris assigned to herself as heir and distribute of the estate of William Morris, all right, title and interest of the estate of William Morris in the judgment.  While the Court found that a determination with respect to the nature, extent and amount of all liens should be delayed in light of the fact that one of the named defendants in Adversary Proceeding No. 97-1059 M had not been properly notified of the trial and the fact that no buyer for the properties had yet been found, the Court found that the judgment constituted a lien against certain real property the Court determined was property of the bankruptcy estate. *See* Findings of Fact and Conclusions of Law, p. 16.; Adversary Proceeding No. 97-1059 M.

Thus, the validity of the lien which comprises claim of the estate of William Morris has already been decided, and cannot be relitigated in this subsequent proceeding under the doctrine of collateral estoppel. *See In re Gordon,* 303 B.R. 645, 650-51 (Bankr.D.Colo. 2003) (collateral estoppel prevents relitigation of issues decided by a federal court upon a showing of the following elements: "1. the issue previously decided is identical with the one presented in the action in question, 2. the prior action has been finally adjudicated on the merits, 3. the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and 4. the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.") (citing *Dodge v. Cotter Corp.,* 203 F.3d 1190, 1197-98

4

(10th Cir. 2000). Morris and Plaintiff participated in Adversary Proceeding No. 97-1059, and the issue of the validity of Morris' lien was before the Court which issued a final decision on the merits in its Findings of Fact and Conclusions of Law and Judgment, entered July 14, 2003. Plaintiff's appeal of the Court's Judgment entered in Adversary No. 97-1059 M was dismissed for failure to prosecute. *See* Mandate dated September 10, 2003 (Docket # 208; Adv. Proc. No. 97-1059).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. A judgment consistent with this Order will be entered.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

| Jerome G. Beery | Walter L. Reardon, Jr. | Nancy Mroz |
| Plaintiff | Attorney for Crescentia Morris | 108 Central Park Square |
| PO Box 4712 | 3733 Eubank Blvd. NE | Los Alamos, NM 87544 |
| Los Alamos, NM 87544 | Albuquerque, NM 87111 | |

| Clifford Gramer | Robert H. Jacobvitz | Porter Dees |
| Defendant | Attorney for Yvette Gonzales | 623 Hwy 165 |
| 3733 Eubank Blvd. NE | 500 Marquette NW, Suite 650 | Placitas, NM 87043 |
| Albuquerque, NM 87111 | Albuquerque, NM 87102 | |