UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
     Jerome Griggs Beery,
     Debtor.                                 No. 7-94-10504 MA

Jerome Griggs Beery,
     Plaintiff,

v.                                           Adv. No. 06-1154 M

Yvette Gonzales, Clifford Gramer,
Crescentia K. Morris, for the Estate of
William Morris, Porter Dees and Nancy Mroz,
     Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Yvette J. Gonzales' (the "Trustee") Motion To Dismiss Counts I and III and For Summary Judgment (the "Motion") and Memorandum in support of the Motion filed by her attorneys Jacobvitz, Thuma & Walker (Robert H. Jacobvitz). Docs. 83 and 84. Plaintiff, Jerome G. Beery, appearing pro se, filed an Objection to the Motion (the "Objection"). Doc. 86.[1] The Court dismissed a portion of Count I, which asserted abuse of process and asked for damages against the Trustee personally. *See* Order Granting Motion to Dismiss Certain Claims and For Partial Summary Judgment ("Order Granting Partial Summary Judgment"). Doc. 59.

Because the Trustee filed affidavits and evidentiary documents in addition to the

---

[1] The Objection fails to assert that genuine issues of material fact preclude summary judgment, and is, therefore, insufficient to rebut summary judgment if summary judgment is otherwise appropriate. *See* Fed. R. Civ. P. 56(c) and (e), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056.

1

pleadings, the Court will treat the Motion as a request for summary judgment. *See* Fed. R. Civ. P. 12(b), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), applicable to adversary proceedings by Fed. R. Bankr. P. 7056. When considering a motion for summary judgment, the Court must construe the facts and inferences therefrom in a light most favorable to the non-moving party. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996). The remaining portion of Count I of the Complaint asks the Court to remove the Trustee "for failure to prosecute this bankruptcy case in a timely manner." Count III asks the Court to remove the Trustee for failure to pursue a claim against the William Morris estate for the amount of $151,000. The Trustee seeks judgment as a matter of law on these remaining counts.[2]

## Undisputed Facts[3]

1. Plaintiff filed this Chapter 7 bankruptcy proceeding on February 25, 1998.

2. On August 4, 1995, Yvette J. Gonzales (the "Trustee") was appointed successor Chapter 7 trustee. Doc. 17 (Notice of Appointment of Successor Trustee).

---

[2] The Trustee also asserts that the claims should be dismissed because they were improperly raised as an adversary proceeding rather than a contested matter; however, the Trustee indicates that she does not object to the resolution of the claims in this adversary proceeding to avoid further delay in the bankruptcy proceeding.

[3] The Court has deemed undisputed the facts asserted as such in the Trustee's Motion. *See* N.M.B.L.R. 7056-1 (stating that all material facts set forth in the statement of the movant shall be deemed admitted unless specifically controverted). The undisputed facts are also supported by the record.

3. Between August of 1995 and November 1997, the Trustee prosecuted an adversary proceeding, filed by the predecessor trustee, to deny discharge. Adv. No. 94-1130 M. The proceeding was dismissed in November 1997.

4. In March of 1997, the Trustee filed an adversary proceeding (Adv. No. 97-1059) to determine the bankruptcy estate's interest in residential property located in Los Alamos, New Mexico (the "Los Alamos Property") and in residential real property located in Placitas, New Mexico (the "Placitas Property"). *See*, Gonzales v. Beery, et al. (In re Beery), Ch. 7 Case No. 94-10504 MA, Adv. No. 97-1059 M.

5. The Los Alamos Property and the Placitas Property are the two principal assets of this bankruptcy estate. In Adv. No. 97-1059, the Court determined that the Plaintiff's undivided one-half interest in the Los Alamos Property and his interest in the Placitas Property were assets of the bankruptcy estate. Plaintiff and his wife reside in the Los Alamos Property. Plaintiff's son, Rick Beery resides in the Placitas Property. Gonzales Aff. ¶ 3 (Motion Ex. A).

1997 Adversary Proceeding

6. A review of the history of Adv. No. 97-1059M is helpful.

    a. The Complaint was filed March 28, 1997.

    b. Plaintiff filed a Motions to Dismiss or to Stay Proceedings.[4] Plaintiff filed yet another Motion to Dismiss, and Plaintiff filed a Motion for Summary Judgment. The Court denied all of Plaintiff's motions. Plaintiff appealed these orders. All appeals were dismissed by the District Court and were remanded for determination of fees and costs to be awarded to the Trustee as a sanction against Plaintiff. Plaintiff appealed further to the Tenth Circuit Court of Appeals, which dismissed the appeals in June 1999.

---

[4] Plaintiff asked for a stay of Adv. No. 97-1059 to await the outcome of a proceeding brought by the Trustee to deny his discharge (Adv. No. 94-1130). The Motion to stay was denied as moot.

3

c. In November 1999, the Trustee moved for a determination of sanctions against Plaintiff and was awarded judgment in the amount of $8,747.61. Plaintiff appealed the judgment. The appeal was dismissed in February 2001 and further sanctions were authorized.

d. In July 2000, Plaintiff filed a Motion to Dismiss for failure to prosecute, which was denied. Plaintiff appealed to the BAP, and the appeal was dismissed.

e. In August 2000, Plaintiff appealed an order compelling discovery to the BAP, and the appeal was dismissed. In the order, the Court extended the discovery deadline to October 2000.

f. In June 2001, a hearing was held on sanctions, and in July 2001 the Court entered a Stipulated Order awarding additional sanctions to the Trustee in the amount of $2,191.90.

g. In early January 2002, after a scheduling conference held pursuant to Fed. R. Bankr. P. 7016, Plaintiff appealed the Order Resulting from Scheduling Conference. The appeal was dismissed in June 2003.

h. In April 2003 a trial on the merits was held. In July 2003, the Court issued its Findings of Fact and Conclusions of Law and Judgment holding that the bankruptcy estate had an ownership interest in both the Placitas and Los Alamos Properties. Plaintiff appealed the Court's findings and judgment to the BAP in August 2003, which was dismissed in September 2003. Adv. No. 97-1059 was closed in January 2004.

i. Two months later, on March 14, 2004, Plaintiff executed a Warranty Deed in which he purported to convey title to the Placitas Property to LASL Incorporated, a corporation owned by Plaintiff. Gonzales Aff. ¶ 9. The Warranty Deed was recorded in the records of Sandoval County, New Mexico. Gonzales Aff. ¶ 9. *See* Motion Ex. 1 to Ex. A (Warranty Deed recorded on March 11, 2003).

j. In August 2006, the Trustee attempted to collect on her judgment for sanctions and has encountered a dispute over discovery in aid of execution, which was decided by an Order Granting Trustee's Motion to Compel in October 2006.

k. In November 2006, Plaintiff filed a Motion asking for stay of this adversary proceeding to pursue settlement with the Trustee. A hearing on the Motion to stay as well as the Trustee's Motion to renew the judgment for sanctions was held. The Motion to stay was denied, and the Motion to renew judgment for sanctions was granted in May 2007.

k. A Motion for Injunction filed in Adv. No. 97-1059 on May 2, 2007 by the

4

Trustee seeks a Court order requiring Plaintiff to cease interfering with the
Trustee's administration of the two properties. A hearing is scheduled.

Bankruptcy Proceeding

7. After Adv. No. 97-1059 was closed in January 2004, the Court held a Status Conference in the bankruptcy proceeding on November 15, 2004. The Trustee filed an Individual Estate Property Record and Report in October 2004 stating that a final report was expected by June 2005. After the appeal of the Court's ruling in Adv. No. 97-1059 was upheld and the adversary proceeding closed in January 2004, there appears to have been no action by the Trustee until she filed the Property Record and Report in October 2004.[5]

8. In November 2004, the Trustee filed an application to employ Porter Dees as real estate broker for the Placitas Property and an application to employ Nancy Mroz as real estate broker to sell the Los Alamos Property. Plaintiff opposed both of these applications. The Court granted the applications after hearings in January 2005, but the orders granting the applications were not entered until May 2006 after a presentment hearing on both orders. After the hearing on the Applications in January 2005, the next filing in the bankruptcy case was the Individual Estate Property Record and Report filed by the Trustee in September 2005. The record contains no information on activity during that 9 month period.

9. In May 2006, Plaintiff appealed the Orders granting the Applications to employ brokers both of which were dismissed as interlocutory. The Plaintiff also filed a Motion to Close

---

[5] The relevant docket entries during the period between October 2003 and October 2004 are as follows:
    11/06/2003 Doc. 86 Individual Estate Property Record and Report filed by Trustee
    08/18/2004 Doc. 87 Notice of Status Conference set by Court
    09/29/2004 Doc. 88 Notice of Change in Date and Time of Status Conference
    10/05/2004 Doc. 89 Individual Estate Property Record and Report filed by Trustee

5

Bankruptcy Case in May 2006, which was denied. Plaintiff's appeal of that denial was dismissed for failure to prosecute.

2006 Adversary Proceedings

10. In July and August of 2006, Plaintiff filed two lawsuits against the Trustee and others: 1) this adversary proceeding (Adv. No. 06-1154M) to remove the Trustee and 2) Adv. No. 06-1170, a proceeding filed in state court to quiet title to the Placitas and Los Alamos Properties, which the Trustee removed to this Court.

11. A couple of months after Mr. Dees was approved as broker to market the Placitas and Property, Plaintiff filed the quiet title action against the Trustee and Mr. Dees. This action delayed the marketing of the Placitas Property. Dees Aff. ¶ 2. In January 2007 Mr. Dees filed a Stipulation disclaiming any ownership interest in the Placitas Property. Adv. No. 06-1170, Doc. 11.

12. This adversary proceeding to remove the Trustee, filed in July 2006, contains allegations not only against Mr. Dees but also against Ms. Mroz, the real estate agent approved by the Court to sell the Los Alamos Property, alleging that each broker listed the respective properties without the permission of the current owner. Plaintiff asks for financial sanctions against both brokers. As a result, Ms. Mroz resigned her position. Adv. No. 06-1154 (Doc. 11). After Nancy Mroz's resignation, the Trustee contacted four brokers about listing the Los Alamos Property, but all declined to take the listing. Gonzales Aff. ¶ 16. The Court dismissed all counts against Ms. Mroz and Mr. Dees in February 2007. Adv. No. 06-1154, Doc. 58.

13. On March 8, 2007, the Trustee sent a letter to Plaintiff and Rick Beery regarding showing both properties to prospective buyers and asking them to contact her within seven days

to arrange for showings. The Trustee had a purchaser interested in the Los Alamos Property willing to work without a broker. Gonzales Affs. ¶ 18. Plaintiff did not contact the Trustee to arrange for showings. Gonzales Aff. ¶ 20.

14. On March 19, 2007 Mr. Dees listed the Placitas Property in the Multiple Listing Service. Dees Aff. ¶ 3. On March 24, 2007, the Trustee and Mr. Dees, attempted to inspect the Placitas Property. Dees Aff. ¶ 5; Gonzales Aff. ¶ 21. Rick Beery informed Mr. Dees and the Trustee that the house was overrun with rodents, that the two wells supplying water to the Placitas Property were dry due to an encroaching well, and that he himself would not enter the property for fear of disease. Gonzales Aff. ¶ 21. At that time, the Placitas Property could not be shown and was inaccessible. Gonzales Aff. ¶ 21.

15. Plaintiff and his son Rick Beery insist on being present at all showings and a locked gate blocks access to the Placitas Property. Gonzales Aff. ¶ 22. The Trustee has no access to the Placitas Property unless Rick Beery or Plaintiff opens the locked gate. Motion Ex. 4 Dees Aff. ¶¶ 3, 5 and 8; Gonzales Aff. ¶¶ 21 – 23.

16. On April 7, 2007, Mr. Dees arranged for a showing of the Placitas Property to a prospective buyer. Dees Aff. ¶ 8. When Mr. Dees and the prospective buyer arrived at the property, Plaintiff told them to leave the premises and that the Trustee and Mr. Dees had no authority to sell the property. Dees Aff. ¶ 8.

17. On May 2, 2007 in Adv. No. 97-1059, the Trustee filed a Motion for Injunction seeking an order enjoining Plaintiff from "entering upon or otherwise interfering with the . . . inspecting and showing the Placitas Property, . . ." Trustee's Motion for Injunction Adv. No. 97-1059, Doc. 229. A hearing has been set on that motion.

7

### The Morris Claim

18. After the Trustee was appointed, she asked her court-approved counsel, Cliff Gramer, to investigate whether the bankruptcy estate had a valid claim against William Morris ("Morris") for $153,461 or any other amount, which the Trustee could pursue as estate property. Gramer Aff. ¶ 4.

19. Mr. Gramer reviewed the Plaintiff's bankruptcy schedules, the statement of financial affairs and a transcript of the meeting of creditors. Mr. Gramer also reviewed deposition testimony of Plaintiff given in Adv. No. 97-1059. Gramer Aff. ¶ 5 (a) – (c). Mr. Gramer consulted Mr. Morris' attorney and reviewed pleadings in several other cases to find the source of the claim against Mr. Morris. Mr. Gramer learned that the purported claim stems from a judgment in favor of the Chapter 7 Trustee in the bankruptcy of Stotler and Company against Plaintiff in the amount of $59,037 (the "Stotler Judgment").[6] Gramer Aff. ¶ 5 (c). Morris obtained an assignment of the Stotler Judgment from the Chapter 7 Trustee in the Stotler Bankruptcy. Gramer Aff. ¶¶ 5(c) and 6.

20. Plaintiff did not list a claim against Morris on his Schedule B -- Personal Property; however, Plaintiff's Statement of Financial Affairs listed a lawsuit as follows: *"William Morris vs. Jerome Beery, Judgment for $59,037, cross claim Beery vs. Morris $153,461"* . . Gramer Aff. ¶ 7.

21. Plaintiff presented no evidence to the Trustee supporting a claim against Morris. Gramer Aff. ¶ 8.

22. Based on his review, Mr. Gramer determined that Plaintiff bases his claim against

---

[6] In re Stotler and Company, No. 90-15485, Ch. 7 (N.D. Ill.) (the "Stotler Bankruptcy").

Morris on the premise that Morris had no right to purchase the Stotler Judgment. After his investigation, Mr. Gramer determined that the Plaintiff's claim had no factual or legal basis. Gramer Aff. ¶ 6. Mr. Gramer advised the Trustee that there was not a valid basis to pursue a claim against Morris on behalf of the bankruptcy estate. Gramer Aff. ¶ 12.

Discussion

Removal of a bankruptcy trustee is governed by 11 U.S.C. § 324.[7] Section 324 provides

(a) The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.

(b) Whenever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise.

11 U.S.C. § 324.

Removal of a trustee is an extreme remedy. *In re Sheehan*, 185 B.R. 819, 822 (Bankr. D. Ariz. 1995). Because the Code does not define what constitutes "cause," to remove a trustee, the determination must be made on a case-by-case basis. *In re Kester*, 339 B.R. 764, 770 (Bankr. D. Kan. 2005), citing *In re Miller*, 302 B.R. 705, 709 (10th Cir. BAP 2003) (granting summary judgment in favor of trustee denying motion to remove for misconduct in securing and maintaining real property and items contained in it). A party seeking to remove a trustee bears the burden of proving cause to remove. *In re Consolidated Industries Corp.*, 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005). Generally, removal is appropriate only upon a showing of a willful and deliberate violation of the trustee's fiduciary duties, fraud or harm to the estate. *In re Haugen*

---

[7] All statutory references are to title 11 of the United States Code unless otherwise indicated.

9

*Construction Service, Inc.*, 104 B.R. 233, 239 (Bankr. D. N.D. 1989). A trustee may not be removed for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances. *Id.*

Count One of the Complaint alleges that the Trustee has "failed to prosecute this bankruptcy case in a timely manner." Count Three of the Complaint alleges that the Trustee "has failed to pursue the [P]laintiff's claim against the William Morris estate for the approximate amount of $151,000." These allegation imply a failure of the Trustee to carry out one of the duties outlined in § 704 of the Bankruptcy Code, which states

> (a) The trustee shall –
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
> . . .

11 U.S.C. § 704.

A Chapter 7 trustee is given a substantial degree of discretion in deciding how to administer the bankruptcy estate and his or her actions are governed by a business judgment standard. *In re Consolidated Industries Corp.*, 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005). A trustee is charged with locating and bringing into the bankruptcy estate all of the property of the estate, determine whether there is any value for the estate, and if there is, liquidate the property in an efficient manner and distribute the proceeds to creditors in accordance with the Bankruptcy Code's distribution scheme. *In re Lundborg*, 110 B.R. 106, 109 (Bankr. D. Conn. 1990).

In order to carry out this duty with respect to the Placitas and Los Alamos Properties, the Trustee was required to determine the type of ownership interest belonging to Plaintiff in each property. *See* 11 U.S.C. § 541(a)(1) (bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case). Because Plaintiff claimed that

neither property belonged to the bankruptcy estate, the Trustee filed Adv. No. 97-1059 to determine whether Plaintiff had an ownership interest in these properties. It is apparent from the history of Adv. No. 97-1059 outlined above, that proceeding was stalled several times due to numerous and often frivolous appeals by Plaintiff. The Trustee spent a tremendous amount of time, from the filing of Adversary Proceeding 97-1059 in early 1997 to a final determination in mid-2003, litigating the status of the Placitas Property and the Los Alamos Property. Thus delaying the administration of these properties. Even after an unsuccessful appeal of the final judgment determining that these properties were part of the bankruptcy estate, Plaintiff attempted to transfer Placitas Property to a corporation owned by him in direct violation of the Court's ruling that these properties belonged to the bankruptcy estate.

Once the status of the Placitas and Los Alamos Properties was determined, including appeals, the sale of those properties was further delayed and impeded by Plaintiff's appeals of orders in the bankruptcy proceeding approving the employment of real estate agents to sell the properties. The sale was further impeded by Plaintiff's filing of the Quiet Title Action and this action against not only the Trustee but also against the real estate agents approved to sell each property. After moving through the litigation, the Trustee was again prevented from inspecting and showing the real properties by both Plaintiff and his son. Based on the undisputed facts before the Court, the Court finds that Plaintiff has not shown that the Trustee failed to prosecute the bankruptcy. To the contrary, Plaintiff is revealed to be the main contributing factor in the delay of and an active impediment of the sale of these properties for the benefit of all creditors. On this record, no cause exists to remove the Trustee for failure to administer these assets of the bankruptcy estate.

11

The Trustee directed her counsel to investigate and advise her on whether the estate had a valid claim against Morris. After an investigation, the Trustee's counsel concluded that the estate did not have a legal claim against Morris, and the Trustee relied on this advice. It was reasonable and appropriate for the Trustee to rely on her counsel's investigation and evaluation of a potential claim against Morris, and no ground is presented to remove her on this basis. *In re Haugen Construction Service, Inc.,* 104 B.R. 233, 240 (Bankr. D. N.D. 1989)(denying motion to remove trustee and noting that decision to pursue claim for estate involves analysis of factual and legal merits of action, probable value of recovery to estate and probable cost of action to the estate). *See Consolidated Industries Corp.*, 330 B.R. at 715 (granting summary judgment in favor of trustee and finding that decision not to pursue cause of action against debtor's former officers, directors and attorneys was appropriate exercise of trustee's business judgment).

From the undisputed facts, the Court finds that Plaintiff has failed to show that the Trustee has unreasonably delayed administration of the two primary assets of this bankruptcy estate, the Placitas and Los Alamos Properties. Nor has the Plaintiff shown that the Trustee violated her duty to investigate a potential claim belonging to the estate. In addition, the Trustee has presented uncontroverted facts showing that Plaintiff is responsible for much of the delay in the administration of the bankruptcy estate. A debtor may not maintain endless litigation regarding estate property, deny access to such property and then seek removal of a trustee for failing to move fast enough in administering the estate.

THEREFORE, IT IS HEREBY ORDERED that the Trustee's Motion for Summary Judgment is GRANTED and this proceeding will be dismissed by appropriate order.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

Copy to:

Jerome Griggs Beery
Plaintiff, pro se
PO Box 4712
Los Alamos, NM 87544-4712

Robert H Jacobvitz
Attorney for Trustee
500 Marquette NW Ste 650
Albuquerque, NM 87102-5309